UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **EASY STREET LTD.,** § | |
| § | |
| Plaintiff, § | |
| § | NO.   15-CV-409 |
| v. § | |
| § | ADMIRALTY |
| **M/V MANDARIN GLORY, her engines,** § | |
| **boilers, tackle, apparel etc.,** *in rem*, § | |
| § | |
| Defendant. § | |

## ORIGINAL VERIFIED COMPLAINT

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

**COMES NOW** Plaintiff, EASY STREET LTD. (hereinafter "ESL" or "Plaintiff"), by and through its undersigned counsel, as and for its Original Verified Complaint against the Defendant M/V MANDARIN GLORY, her engines, boilers, tackle, apparel, etc. *in rem* (hereinafter "M/V MANDARIN GLORY" or "Vessel"), avers and pleads as follows:

### I. JURISDICTION, VENUE AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Rule C").

2. Jurisdiction is founded on the presence within the District of the M/V MANDARIN GLORY, which may be arrested to enforce a maritime lien in accordance with the provisions of Rule C, as pled in Sections II & III below.

3.      At all times material hereto Plaintiff, ESL, is foreign corporation engaged in the business of providing maritime necessaries to ships, namely bunkers.

4.      At all times material hereto, defendant M/V MANDARIN GLORY was and still is a vessel, registered in the Republic of Singapore, with IMO number 9433547, Call Sign 9VCF4, and, is now, or will be during the pendency of this action, within the Southern District of Texas, and subject to the jurisdiction and venue of this Honorable Court.

## II. THE SUBSTANTIVE CLAIMS

5.      ESL was the supplier of bunkers to the M/V MANDARIN GLORY pursuant to a maritime contract and brings this action in order to recover amounts indisputably due and owing.

6.      On or about September 27, 2011, Allied Maritime Inc. (hereinafter "Allied"), as charterers of the M/V MANDARIN GLORY and on its behalf and/or its master/owners/managers/operators/charterers, entered into an agreement with Plaintiff to provide bunkers (at a rate of USD 726.00 per mt of IFO-380) for delivery to the vessel at Valparaiso Anchorage.  A copy of the Bunker Contract Confirmation which incorporates ESL's Terms of Sale (dated February 2007) is attached hereto as **Exhibit 1** and a copy of the Terms of Sale attached as **Exhibit 2**.

7.      On October 7, 2011, ESL sold and delivered 1300 metric tons of IFO-380 cst as set out in the bunker delivery receipt, to the Vessel at the agreed supply point, Valparaiso.  A copy of the Bunker Delivery Receipt is attached hereto as **Exhibit 3**.

8.      The Bunker Delivery Receipt bears the signature of the vessel's Chief Engineer Ou Ming Zheng and the seal of the MV MANDARIN GLORY.  *See* Exhibit 3.

9.      By signing the Bunker Delivery Receipt, the Chief Engineer acted on behalf of the Vessel and her owner and/or operator to procure bunkers, and thereby accepted them, for the

Vessel.

10. The said bunkers delivered to the M/V MANDARIN GLORY were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship. Allied, by virtue of its role as time chartered operator was authorized to order necessaries for the account and on the credit of the vessel.

11. The M/V MANDARIN GLORY, her time charterer, and owners, received the benefit of such services and are indebted to Plaintiff, ESL and obligated to pay for the aforementioned goods and services.

12. Clause 18 of the Terms of Sale provide that the contract shall be governed by "the Laws of the United States of America, which shall be applied in relation to any claim or dispute which may arise in connection with this Contract." *See* Exhibit 2.  Accordingly, Plaintiff has the right to assert its maritime lien for the supply of necessaries under the provisions of 46 U.S.C. §§ 31341 *et seq.*

13. Clause 19 of the Terms of Sale holds that Plaintiff's sale of the bunkers and the acceptance of the bunkers on the Vessel confirms Plaintiff's maritime lien over the vessel. *See* Exhibit 2.

14. As a result of the foregoing, ESL has a maritime lien on the M/V MANDARIN GLORY for the provision of necessaries, enforceable in admiralty in accordance with the provisions of Supplemental Rule C.

15. Plaintiff has performed all conditions precedent to warrant full and complete payment for the aforementioned services.  Payment of all sums has been duly demanded by Plaintiff from the M/V MANDARIN GLORY and/or Allied as time charterers, but an outstanding principal amount of USD 943,800.00 remains unpaid.  A copy of Plaintiff's

outstanding Invoice is attached hereto as **Exhibit 4**. The invoice specified the payment due date of November 5, 2011, with the contractual interest rate for the late payment of 1.5% per month. From the said invoice due date to today's date, interest as per the agreed General Terms and Conditions have accrued in the sum of USD 563,920.50.

16. To date, Defendant has neglected, failed, or otherwise refused to pay the outstanding sum of **USD 943,800.00** which is indisputably due and owing for the bunkers.

### III. ALLEGATIONS IN SUPPORT OF RULE C ARREST

17. Plaintiff repeats and re-alleges all matters averred in the above and foregoing Original Verified Complaint, and for its further and additional admiralty *in rem* claims against Defendant, alleges and pleads as follows

18. As a result of the failure to pay the amounts owed to Plaintiff for the bunkers supplied to the Vessel, under the terms of the Bunker Contract Confirmation and ESL's Terms of Sale, Plaintiff's claim for the amount of **USD 943,800.00**, attached as a maritime lien on the said vessel in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341 *et seq.* with suit *in rem.*

19. Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common in the Southern District of Texas and the Fifth Circuit Court of Appeals for the security to be set at one and a half (1.5) times of the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest in the amount of **USD 1,415,700.00**.

20. Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against defendant M/V MANDARIN GLORY *her engines,* boilers, tackle, apparel, etc. *in rem,* including the issuance of a warrant for the arrest of the M/V MANDARIN GLORY, and that the said vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B. That judgment be entered in favor of Plaintiff and against the Defendant M/V MANDARIN GLORY *in rem*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

C. That the M/V MANDARIN GLORY, her engines, tackle, furniture apparel, appurtenances, etc. after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

D. That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Respectfully Submitted,

Date: February 12, 2015
Houston, Texas

CHALOS & CO, P.C.

By: /s/ Briton P. Sparkman
George A. Gaitas
Texas Bar No. 24058885
Federal Bar No. 705176
Briton P. Sparkman
SDTX Federal Id No. 1148116
7210 Tickner Street
Houston, Texas 77055
(T) (713) 574-9454 / (F) (866) 702-4577

*Attorneys for Plaintiff*
EASY STREET LTD.