IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EASY STREET LTD., § § Plaintiff, § § v. § § M/V MANDARIN GLORY, her engines, § boilers, tackle, apparel, etc., *in rem*, § § Defendant. § | C.A. NO. 4:15-cv-00409 ADMIRALTY - RULE 9(h) |

### EMERGENCY MOTION FOR HEARING TO SET AMOUNT AND FORM OF SECURITY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Claimant, Glory Marine Pte. Ltd. (Claimant), requesting an emergency hearing for the Court to set the amount and form of security in the above captioned matter and in support thereof would respectfully show as follows:

1. On February 13, 2015, Easy Street Ltd., filed its Verified Original Complaint [Docket No. 1] alleging a maritime lien on the M/V MANDARIN GLORY for unpaid bunkers supplied to the Vessel in November 2011. Plaintiff requested a Writ of Attachment for the Vessel which was issued by the Court [Docket No. 6].

2. Claimant has filed its Statement of Right or Interest [Docket No. 8] and has attempted to obtain an agreement on the quantum and form of security. This is complicated by the present U.S. holiday as well as the Chinese New Year which affects commercial banking. In order to provide security to Plaintiff, Claimant has offered to provide security in an agreed amount by a standard Protection & Indemnity Club Letter of Undertaking. Attached hereto is a draft form of the standard Letter of Undertaking which is customarily used throughout the marine industry. (Exhibit A). Claimant is prepared to issue the Letter of Undertaking upon agreement of the parties or upon Court Order in amount to be agreed or ordered.

3. Claimant has advised that the Letter of Undertaking is temporary security due to the time required to arrange a Bond and that the Letter of Undertaking will be replaced with a Bond within 30 days. Due to the necessary arrangements, it is impossible to provide the substitute Bond within the time demanded by Plaintiff without needlessly delaying the Vessel.

4. Letters of Undertaking are customarily used throughout the marine industry as discussed at length Cohen, *Restoring the Luster to the P&I Letter of Undertaking*, 42 J. Mar. L. & Com. 255 (2011). (Attached hereto, Exhibit B).

5. The Federal Rules of Civil Procedure, Rule E(5)(c) provides that absent posting of a surety bond, the Court may order security. In the Southern District of Texas, there is only one known reported case where the Court has ordered the acceptance of a Letter of Undertaking which was ordered as a replacement for a surety bond. *See, Acacia Vera Navigation v. Kezia, Ltd.*, 78 F.3d 211, 214 (5th Cir. 1996).

6. *In the Matter of A&J Towing, Inc.*, 1997 WL 289396 (E.D.La. 1997), the Court allowed over objection a letter of undertaking instead of a bond for a limitation of liability action. The Court held, "[Plaintiff] suggestion that 'approved surety' encompasses only cash and bonds comports with neither the statutory language nor the case law.", *Supra*. Additionally, although not a reported decision, Courts in the Southern District of Texas have ordered the acceptance of a Letter of Undertaking as adequate security. Although not reported, other Courts in this District have ordered that P&I Club Letters of Undertaking to be accepted. (Please see Exhibit C).

7. Other District Courts have held letters of undertaking to be adequate security and ordered that they would be allowed. *In re Slobodna Plovidba*, 1987 A.M.C. 2209, 2211-12 (W.D.Mich. 1987).

8. Cases which have refused to allow a Letter of Undertaking as adequate security in the Eastern District of Louisiana and the Southern District of New York have not found that the Club Letters of Undertaking were inadequate security, but based the ruling upon the Local Rules of those Districts which limit the type of security held that they must comply with the Local Rule requirements and cannot order security only because of the Local Rule. *See, Thyssen v. M/V SENA DENIZ*, 2000 WL 1772652 (E.D.La. 2000); *Jamie Shipping, Inc. v. Oman Ins. Co.*, 2008 WL 4178861 (S.D.N.Y. 2008).

WHEREFORE, PREMISES CONSIDERED, Claimant Glory Marine Pte. Ltd. respectfully requests that the Court set an emergency hearing to set the amount and type of security pursuant to Rule E(5)(c) and set the amount of security in order that the offered security from the United Kingdom Protection & Indemnity Association be provided as adequate security for the release of the Vessel and upon providing an executed Letter of Undertaking in the amount set by the Court, the M/V MANDARIN GLORY shall be released from arrest and for such other and further relief both in law and equity as it may show itself to be justly entitled.

Respectfully submitted,

William A. Durham
State Bar No. 06281800
S.D.TX. Adm. ID No. 4172
808 Travis, Suite 1300
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 – Fax
*Attorneys for Claimant, Glory Marine Pte. Ltd.*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I forwarded a true and correct copy of the foregoing instrument to the following counsel of record on this the 16th day of February, 2015.

George A. Gaitas
Briton P. Sparkman
Chalos & Co, P.C.
7210 Tickner Street
Houston, TX 77055
T: (713) 574-9454
F: (866) 702-4577

_____
William A. Durham