UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EASY STREET LTD.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | NO. 4:15-CV-409 |
| v. | § | |
| | § | ADMIRALTY |
| **M/V MANDARIN GLORY, her engines,** | § | F.R.C.P. 9(h) |
| **boilers, tackle, apparel etc.,** *in rem*, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO CLAIMANT'S
EMERGENCY MOTION TO SET AMOUNT AND FORM OF SECURITY**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

COMES NOW Plaintiff, EASY STREET LTD. (hereinafter "ESL" or "Plaintiff"), by and through undersigned counsel, and files this Response to Claimant's Emergency Motion to Set Amount and Form of Security (Docket #9), and would respectfully show the Court as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

On Friday, February 13, 2015, Plaintiff ESL filed its Verified Complaint, asserting, *inter alia*, a valid maritime lien for "necessaries" against the M/V MANDARIN GLORY ("Vessel") for certain services, materials and supplies furnished to the Vessel, to wit bunkers. *See* Docket #1, ¶¶ 5-16. The Verified Complaint and the accompanying exhibits set forth in detail the legal grounds in support of the maritime lien claim for the unpaid bunkers by in the amount of USD 943,800.00, plus applicable interest, costs, fees, and disbursements. *Id*., ¶¶ 15-16; *see also* Exhibits 1-4 to the Verified Complaint. After reviewing Plaintiff's pleadings and finding that Plaintiff had met the Supplemental Rule C conditions to obtain a Warrant of Arrest, Magistrate

1

Judge Johnson issued the Order Authorizing Issuance of Warrant of Arrest. *See* Docket #6. The Order holds:

> **ORDERED**, that pursuant to Supplemental Rule E(5)(a), the Court fixes the amount of the bond to obtain the release of the Vessel M/V MANDARIN GLORY in the amount of **USD 1,415,700.00** same sufficient to cover the amount of Plaintiff's claim fairly stated as permitted by Rule E(5).

*Id*., at p. 2 (emphasis in original). Accordingly, Magistrate Judge Johnson has set both the form and quantum of security required to substitute for the Vessel in accordance with the Supplemental Admiralty Rules and the practices of this Court. The Vessel was arrested on or about Tuesday, February 17, 2015, at approximately 8:45 A.M., by the U.S. Marshal Service - Brownsville Division.

## I.     THE QUANTUM OF SECURITY HAS BEEN AGREED

Plaintiff submits that Magistrate Johnson has already properly set the quantum for the release of the Vessel in this matter by her Order issued on February 13, 3015 in accordance with the provisions and requirements of Supplemental Rule E(5). *See* Docket #6.[1] Today, Claimant has confirmed that the quantum of security demanded is agreed in the amount of **USD 1,415,700.00**. *See* Correspondence attached as Exhibit 1.

## II.    PLAINTIFF IS ENTITLED TO A CASH DEPOSIT OR A U.S. SURETY BOND AS SUBSTITUTE SECURITY FOR THE RELEASE OF THE M/V MANDARIN GLORY

It is respectfully submitted that the only offer of substitute security made by Claimant on behalf of the Vessel is an unsecured Letter of Undertaking ("LOU") to be issued by the UK Protection and Indemnity Club ("the Club") for the M/V MANDARIN GLORY. Plaintiff has

---

[1] In fact, Rule E would permit the Court setting substitute security in an amount up to USD 1,887,600.00, *i.e.* twice the amount of Plaintiff's *fairly stated* claim. *See e.g.* Supplemental Rule E(5)(a); 28 U.S.C. § 2464; *Cianbro Corp. v. George H. Dean, Inc.*, 560 F. Supp. 2d 68, 71 (D. Me. 2008); *Guam Indus. Servs. v. Transatlantic Lines*, 2006 U.S. Dist. LEXIS 78453, *4 (D. Guam 2006).

considered the offer and does not agree to such substitute security. In *Thyssen, Inc. v. M/V Sena Deniz*, 2000 U.S. Dist. LEXIS 17511 (E.D. La. 2000)[2], the Court determined whether it could allow an arrested vessel to be released in return for a letter of undertaking over Plaintiff's objection. District Judge Clement noted that "courts ordinarily do not accept a letter of undertaking by an unapproved surety unless the other side agrees to accept it." *Id.* at *2 (quoting *Koch Refining Co. v. M/V JENNIFER BOUDREAUX*, 1993 U.S. Dist. LEXIS 3739 (E.D. La. March 23, 1993)).

Here, Claimant has offered that the LOU is "temporary security" due to the time required to arrange a bond. *See* Docket #9, p. 2. However, Claimant has provided no factual grounds which support its claim as to the purported time constraints. Although Monday February 16, 2015 was a Federal Holiday, at that time the Vessel had not yet been seized. It is recognized and agreed that Thursday February 19, 2015 is Chinese New Year. As such, banks in Singapore[3] will be closed on Thursday and Friday of this week. However, Claimant has provided no grounds as to why it is unable to post the required form of security, *i.e.* cash deposit or a surety bond, today, tomorrow, or next week (when Singapore banks are open and operating).[4]

It is respectfully submitted that other parties' willingness to accept an LOU in other matters does not bear on Plaintiff ESL's entitlement to receive a cash deposit or surety bond as substitute security in this case. An LOU is nothing more than a contingent promise to pay by a

---

[2] While the Court in *Thyssen* did cite the Local Rule for the Eastern District of Louisiana regarding surety bond requirements, it is respectfully submitted that the Order of the Court did not solely turn on that Local Rule, but also held that there was no requirement for the Court to force Plaintiff to accept a Letter of Undertaking against its will. *Id.*

[3] The location of Claimant Glory Marine Private Limited and the ownership interests of the M/V MANDARIN GLORY.

[4] Plaintiff has also offered to work out an agreed escrow account which could serve as substitute security for the release of the vessel, but Claimant's only response has been to demand that Plaintiff accept the unsecured LOU.

foreign insurer for an uninsured risk.  The proposed LOU does not provide for such matters as: the obligation of the issuer of the LOU or Claimant to replace the LOU within an agreed timeframe with a cash deposit or surety bond; choice of law that will govern the enforcement of the LOU; stipulation as to the jurisdiction of this Court; and/or designation of an agent for service of process. *Cf.* Rule 65.1 of the Federal Rules of Civil Procedure (which provides that a surety company providing a surety bond submits to the jurisdiction of the Court, irrevocably appoints the Court Clerk as its agent, and confirms that the surety's liability may be enforced on motion without an independent action).  Furthermore, the Club has specifically rejected Plaintiff's proposal that specific language be included in the LOU which would require the Club to post cash deposit or a surety bond in the event that the Claimant fails to do so. *See* correspondence attached as **Exhibit 2**.

Accordingly, the LOU is nothing more than a toothless promise of payment, that does not require the Club to post adequate security in the Southern District of Texas which can be executed upon immediately following the issuance of a final judgment.  Once the Vessel sails, there would be no means of enforcement of an order requiring Claimant or its P&I Club to replace the LOU.  Allowing the LOU in its present form to stand as substitute security will permit Claimant to stall and delay resolution of this otherwise indefensible and straightforward maritime lien claim.  Claimant has not offered any comments or argument as to what defenses are even available to the Plaintiff's maritime lien claim, because simply put, there are none.

Furthermore, requiring Plaintiff to accept as substitute security for its claim the Club LOU draft in its present form would be tantamount to an order denying security which would be immediately appealable pursuant to 28 U.S.C. § 1292(a)(3), and the authority of the Fifth Circuit Court of Appeals' decision in *Heidmar, Inc. v. Anomina Ravennate Di Armanento Sp.A. of*

*Ravenna*, 132 F.3d 264, 267 (5th Cir. 1998) (citing *Swift Co Packers v. Compania Colombiana Del Caribe* 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950)).  This would result in a potentially long legal battle over Plaintiff's entitlement to adequate security for a straightforward maritime lien claim.  Plaintiff would also be disproportionately harmed by being required to deal with additional legal hurdles in order to enforce any judgment obtained against the Vessel.   It is respectfully submitted that the Court should not require Plaintiff to accept a lower form of security that diminishes Plaintiff's rights to adequate security, improperly and unfairly reduces Plaintiff's rights under Supplemental Admiralty Rule C, and will cause additional wastes of time and costs to accumulate in resolving this maritime lien case and enforcing Plaintiff's judgment.

### III. CLAIMANT'S CASE LAW IS UNPERSUASIVE

Plaintiff respectfully submits that Claimant's reliance on the case law it has cited in  the support of the present motion is misplaced.  Not a single case stands for the proposition that a Plaintiff should be required to accept an unsecured Letter of Undertaking from a foreign P&I Club as substitute security for a valid maritime lien claim against a Vessel.[5]  The Fifth Circuit Court of Appeals decision in *Acacia Vera Navigation v. Kezia, Ltd.*, 78 F.3d 211, 214 (5th Cir. 1996) is hardly binding precedent and is not even persuasive.  In the Fifth Circuit's recount of the procedural history of the case, it is clear that the motion to replace the bond with the Letter of Undertaking took place after damages had already been assessed by the District Court and was not substantively opposed at the District Court level.  *Id.*, at 218.  As such, appellant was precluded from raising the issue for the first time on appeal and the issue was neither considered nor decided by the Fifth Circuit Court of Appeals.  *Id.*  It is unlikely that the Fifth Circuit Court of

---

[5] The history of P&I clubs includes a number of club defaults, with claimants who accepted letters of undertaking being left with nothing more than a useless piece of paper. Such names as Oceanus P&I Club, Ocean Marine P&I Protection and Indemnity; and Liverpool & London are now but a sad note in marine insurance history.

Appeals would hand down a decision which would effectively amend the Supplemental Rules in such a drastic manner.

The cases *In the Matter of A&J Towing, Inc.*, 1997 U.S. Dist. LEXIS 7878, (E.D.La. 1997) and *In re Slobodna Plovidba,* 1987 A.M.C. 2209 (W.D. Mich. 1987) are also distinguishable as these cases involve Supplemental Rule F Limitation Proceedings. Supplemental Rule F(1) requires a vessel owner seeking the protection of limitation to file "a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor. . ." *See* Rule F(1)(a). Under Rule F, unlike Rules C and E, the District Court is the sole authority and has the "absolute right" to determine what security will be "approved" in a limitation proceeding. *See A&J Towing, Inc.*, at \*6 (citing *Slobodna Plovidba*). The plain reading of Rule E(5)(a) provides that in the event the parties cannot stipulate as to substitute security, that "the court shall fix the principal sum of the **bond** or stipulation. . ." *See* Rule E(5)(A).  It is clear from other cases throughout the Fifth Circuit Court of Appeals that unless the parties agree to stipulate to an LOU, that the substitute security set by the Court pursuant to Supplemental Rule E(5) should be in the form of a cash deposit in the registry of the Court or a surety bond from an approved surety.

Finally, Claimant's citation to *Profit Shipping Ltd. v. M/V IMPERIAL SPIRIT, et al.,* only confirms that Magistrate Judge Froeschner accepted and approved the LOU in that case.  There was no briefing on the issue and it is not even apparent from the docket report whether the plaintiffs opposed the application.  Plaintiff respectfully submits that it is entitled to and will accept either a cash deposit to be posted in the registry of the Court for the Southern District of Texas or a surety bond from an approved surety, in an amount not less than **USD 1,415,700.00**, as substitute security for the M/V MANDARIN GLORY.

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Plaintiff EASY STREET LTD. prays that this Honorable Court set substitute security in an amount no less than **USD 1,415,700.00**, and in the form of a cash deposit or surety bond as contemplated by Supplemental Rule E(5), and that all such other and further relief to which it may show itself to be justly entitled be granted.

                                                                                 Respectfully Submitted,

Date:  February 17, 2015                      CHALOS & CO, P.C.
        Houston, Texas

                                          By:   /s/ Briton P. Sparkman
                                                     Briton P. Sparkman
                                                     SDTX Federal Id No. 1148116
                                                     George A. Gaitas
                                                     Texas Bar No. 24058885
                                                     Federal Bar No. 705176
                                                     7210 Tickner Street
                                                     Houston, Texas 77055
                                                     (T) (713) 574-9454
                                                     (F) (866) 702-4577

                                                     *Attorneys for Plaintiff*
                                                     EASY STREET LTD.

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing pleading was served on all counsel of record on February 17, 2015 via the Court's cm/ECF System.

               CHALOS & CO, P.C.

       By: /s/ Briton P. Sparkman
          Briton P. Sparkman